UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

    Plaintiff,

v.      Case No. 15-20629

Shawn Diablo Harris,     Sean F. Cox
    United States District Court Judge

    Defendant.
_____/

## ORDER
## DENYING MOTION FOR BOND

In this action, Defendant Shawn Diablo Harris ("Harris") is charged with conspiracy to commit wire fraud, use of unauthorized access device, and interstate transportation of stolen goods. This matter is currently before the Court on Harris's Motion for Bond (Docket Entry No. 14), which was heard on Friday, December 18, 2015.

Harris was indicted in this criminal action on October 6, 2015. The Indictment charges Harris with: 1) Conspiracy to Commit Wire Fraud, in violation of 18 U.S.C. § 1349 (Count One); 2) Use of Unauthorized Access Device, in violation of 18 U.S.C. § 1029(a)(2) (Count Two); and 3) Interstate Transportation of Stolen Goods, in violation of 18 U.S.C. § 2314 (Count Three). Harris is charged with being the leader of group that executed a scheme to defraud home improvement retailers (such as Lowes and Home Depot) across the country.

On October 15, 2015, Magistrate Judge David Grand issued an Order of Temporary Detention.

On October 16, 2015, Magistrate Judge Grand held a detention hearing and, thereafter,

1

on October 19, 2015, issued an "Order of Detention Pending Trial." (Docket Entry No. 8). Magistrate Judge Grand found Harris to be both a danger to the community and a flight risk.

On November 30, 2015, Defense Counsel filed a "Motion for Bond" (Docket Entry No. 14). In his motion, Harris asserts that if he is released he will be able to reside with his wife at his home in Detroit and that he can be "re-employed with his family's" unspecified business.

The Government opposes Harris's Motion for Bond.

Under 18 U.S.C. § 3145(b), a person ordered detained by a magistrate judge "may file, with the court having original jurisdiction over the offense, a motion for revocation or amendment of the order" and such motions "shall be determined promptly." *Id.*

This Court reviews a defendant's appeal of an order of detention *de novo*. *United States v. Leon*, 766 F.2d 77 (2d Cir.1985); *see also United States v. Koubriti*, 2001 WL 1525270 (E.D.Mich.2001) (Although the Sixth Circuit has not squarely addressed the issue of the proper standard of review of a magistrate judge's detention order, the majority of the circuits that have considered the issued have ruled that a *de novo* review is appropriate).

In determining whether no condition or combination of conditions will reasonably assure the appearance of the defendant or the safety of the community, the district court must take into account the available information concerning: 1) the nature and circumstances of the offense charged; 2) the weight of the evidence against the defendant; 3) the history and characteristics of the defendant; and 4) the nature and seriousness of the danger posed by the defendant's release. 18 U.S.C. § 3142(g).

The government has the burden to establish, by a preponderance of the evidence, that the defendant is a flight risk, or by clear and convincing evidence, that the defendant is dangerous to

another person or the community.  *United States v. Hinton*, 113 F. App'x 76 (6th Cir.2004); *United States v. Hazime*, 762 F.2d 34, 37 (6th Cir. 1985).

  Having considered the above factors, this Court agrees with Magistrate Judge Grand that the Government has shown, by clear and convincing evidence, that no condition or combination of conditions would reasonably assure the community's safety if Harris were to be released on bond.  The Government has also shown, by a preponderance of the evidence, that no combination of conditions can reasonably assure his appearance.  This Court also agrees with Magistrate Judge Grand written explanation as to why Defendant is both a flight risk and a danger to the community (e.g, Defendant's criminal history including eight felony convictions, many of which involved physical violence, and his prior use of multiple aliases).

  Accordingly, the Court hereby ORDERS that Harris's Motion for Bond is DENIED.

  IT IS SO ORDERED.

             S/Sean F. Cox
             Sean F. Cox
             United States District Judge

Dated:  December 18, 2015

I hereby certify that a copy of the foregoing document was served upon counsel of record on December 18, 2015, by electronic and/or ordinary mail.

             S/Jennifer McCoy
             Case Manager